UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JORGE LUIS ALEMAN DUEÑAS,<br><br>Petitioner,<br><br>v.<br><br>WARDEN/FACILITY ADMINISTRATOR of Northwest Immigration and Customs Enforcement Processing Center,<br><br>Respondent. | C26-2834 TSZ<br><br>ORDER |

THIS MATTER comes before the Court on a petition for a writ of habeas corpus, docket no. 1, pursuant to 28 U.S.C. § 2241. Having reviewed all papers filed in support of, and in opposition to, the petition, the Court enters the following Order.

**Discussion**

Petitioner, a citizen of the Republic of Cuba, entered the United States on September 14, 2022, and after a brief detention by the United States Border Patrol, was released that same day on a Order of Release on Recognizance ("OREC"). Ouk Decl. at ¶¶ 3–4 (docket no. 6); *see also* Ex. 3 to Wong Decl. (docket no. 7-3). He was re-detained by Immigration and Customs Enforcement ("ICE") on July 14, 2025, *see* Ouk Decl. at ¶ 7 (docket no. 6), and over the past almost fourteen (14) months, he has been transferred to and from facilities in seven different states, namely Florida, Louisiana, Mississippi,

Montana, Nebraska, Texas, and now Washington, *see* Aleman Dueñas Decl. at ¶ 18 (docket no. 1-1). While in Nebraska, petitioner had three bond hearings, at which a change in custody status was denied on the ground that the immigration judge lacked jurisdiction. *See* Exs. 4, 5, & 6 to Wong Decl. (docket no. 7-4, 7-5, & 7-6).

In response to his habeas petition, the United States of America, as an interested party, takes the position that petitioner is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). This contention is wrong. *See* *Gonzalez Mujica v. Hernandez*, No. 26-cv-2826, 2026 WL 2620268, at *2 (W.D. Wash. Sept. 4, 2026) ("Where, as here, a petitioner was released on an OREC after initial detention, he is then subject to § 1226(a) if re-detained, absent changed circumstances justifying detention under a different statute."); *Berelidze v. Noem*, No. 26-cv-618, 2026 WL 879249, at *3 (W.D. Wash. Mar. 31, 2026) (explaining that, when a petitioner is released on an OREC pursuant to § 1226(a), the petitioner remains subject to only "discretionary" detention); *accord* *Sandhu v. Mullin*, No. 26-cv-1264, 2026 WL 1251661, at *1 (W.D. Wash. May 7, 2026). Nevertheless, on three separate occasions, the only reason given for not allowing petitioner's release on bond was the legally incorrect premise that he is held under § 1225(b)(2).

Petitioner is not subject to mandatory detention, and he should have had a meaning bond hearing long ago. No purpose would now be served by directing that petitioner be given yet another (*i.e.*, fourth) bond hearing. The "interested party" has demonstrated an unwillingness to provide petitioner with the process that is due under the United States Constitution and the Immigration and Nationality Act. No showing has been made that petitioner poses a flight risk or a danger to community safety. Although he was arrested,

he was not convicted of driving under the influence of alcohol; the charge was dismissed. *See* Aleman Dueñas Decl. at ¶¶ 14 & 22 (docket no. 1-1); *see also* Ouk Decl. at ¶ 11 (docket no. 6). Petitioner has a stable residence with his partner, who is a permanent resident, and his stepdaughter, who is a United States citizen, Aleman Dueñas Decl. at ¶¶ 23–24 (docket no. 1-1), and he has every incentive to appear for future immigration proceedings. Thus, the Court hereby orders petitioner's release. *See* 28 U.S.C. § 2241(c)(3) (authorizing the Court to grant a writ of habeas corpus to an individual who is in custody "in violation of the Constitution or laws or treaties of the United States").

## Conclusion

For the foregoing reasons, the Court ORDERS:

(1) The petition for a writ of habeas corpus, docket no. 1, is GRANTED, and within twenty-four (24) hours of the entry of this Order, respondent shall RELEASE petitioner Jorge Luis Aleman Dueñas from custody at the Northwest ICE Processing Center;

(2) Within forty-eight (48) hours of the entry of this Order, interested party United States of America shall file a declaration confirming that petitioner has been released from custody;

(3) The Order of Release on Recognizance issued in September 2022 shall be reinstated, with the same conditions previously imposed, and petitioner shall comply with those conditions unless they are amended after providing petitioner at least thirty (30) days' advance written notice and an opportunity to be heard;

(4) The United States of America and its agencies, including the Department of Homeland Security and ICE, are prohibited from re-detaining petitioner, or subjecting him to electronic monitoring, without at least seven (7) days' advance written notice and a pre-deprivation hearing before a neutral decisionmaker, unless probable cause exists for believing petitioner has committed or is attempting to commit a criminal offense;

(5) The Clerk is directed to enter judgment consistent herewith after the declaration required by Paragraph 2, above, has been filed and to send a copy of this Order and the Judgment to all counsel of record.

IT IS SO ORDERED.

Dated this 10th day of September, 2026.

Thomas S. Zilly
United States District Judge